IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL NO. 07-626-JPG |
| | : | |
| REAL PROPERTY LOCATED AT | : | |
| 11441 SAMALAYUCCA ROAD, | : | |
| EL PASO, EL PASO COUNTY, TEXAS, | : | |
| AND ALL ATTACHMENTS, | : | |
| IMPROVEMENTS, AND | : | |
| APPURTENANCES THERETO, | : | |
| | : | |
| DEFENDANT. | : | |

## JUDGMENT AND DECREE FOR FORFEITURE

A default having been entered as to Saul Rojas, Maria Wade a/k/a Maria Rojas, and all interested parties in the above case on the 29th day of January, 2008 [Doc. No. 12], and a default having been entered as to Eduardo Rojas in the above case on the 31st day of March, 2008 [Doc. No. 15], all in accordance with Rule 55 of the Federal Rules of Civil Procedure, and counsel for plaintiff having requested judgment against said defaulted parties and having filed a proper motion with me as to the requested relief;

On the 30th day of August, 2007, a Verified Complaint for Forfeiture against the defendant, more further described as:

**Real property located at 11441 Samalayucca Road, El Paso, El Paso County, Texas, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:**

**One certain parcel, lying and being situated in El Paso County, Texas, described as follows, to wit:**

**0.872 acres of land out of supplemental map of Block 12, Tracts 7, 14, 8, and 15 on file in the El Paso Central Appraisal District, being adjacent to Tract 742 on the Northerly side bordering Samalayuca Road on the Westerly side, and being adjacent to Tract 746 on the Southerly side, being further described as follows:**

> **From a point of beginning on the Northeasterly boundary of Tract 742; thence South 36 degrees 26' East 90.00 feet to the true point of beginning on the Northeasterly corner of the parcel; thence South 36 degrees 26' East 200.00 feet to a point; thence South 53 degrees, 34' West 190.00 feet to a point; thence North 36 degrees 26' West 200.00 feet to a point; thence North 53 degrees 34' West 190.00 feet to the true point of beginning.**
>
> **Parcel No. S-533-000-0120-0797**

was filed on behalf of the plaintiff, United States of America. The Complaint alleges that said real property constitutes property which was used or intended to be used, in any matter or part, to commit, or to facilitate the commission of, a violation of Subchapter 1 of Title 21 of the United States Code and is forfeitable pursuant to 21 U.S.C. § 881(a)(7).

It appearing that process was fully issued in this action and returned according to law;

That on November 28, 2007, December 5, 2007 and December 12, 2007, notice of this action was published in the O'Fallon Legal Reporter newspaper; the Certificate of Publication was filed with this court on January 2, 2008 [Doc. No. 9];

That Saul Rojas, Maria Wade a/k/a Maria Rojas, Eduardo Rojas, and all interested parties were defaulted for failure to file a claim or answer within the time permitted by Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Now, therefore, on motion of the plaintiff, United States of America, for a Judgment and Decree of Forfeiture, the property, more further described as:

> **Real property located at 11441 Samalayucca Road, El Paso, El Paso County, Texas, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:**
>
> **One certain parcel, lying and being situated in El Paso County, Texas, described as follows, to wit:**
>
> **0.872 acres of land out of supplemental map of Block 12, Tracts 7, 14, 8, and 15 on file in the El Paso Central Appraisal District, being adjacent to Tract 742 on the Northerly side bordering Samalayuca Road on the Westerly side, and being adjacent to Tract 746 on the Southerly side, being further described as follows:**

> **From a point of beginning on the Northeasterly boundary of Tract 742; thence South 36 degrees 26' East 90.00 feet to the true point of beginning on the Northeasterly corner of the parcel; thence South 36 degrees 26' East 200.00 feet to a point; thence South 53 degrees, 34' West 190.00 feet to a point; thence North 36 degrees 26' West 200.00 feet to a point; thence North 53 degrees 34' West 190.00 feet to the true point of beginning.**
>
> **Parcel No. S-533-000-0120-0797**

is hereby ordered forfeited to the United States of America and no right, title or interest in the property shall exist in any other party except as stated below. The defendant property shall be disposed of according to law by the United States Marshal.

The Court finds that under the "relation-back" doctrine codified in 21 U.S.C. Sec. 881(h), all right, title, and interest in the subject matter property vested in the United States upon the commission of the act giving rise to forfeiture and that in the instant case, said date that the property vested in the United States was no later than September 30, 2002. The Court finds that said property is therefore exempt from any real estate taxation from said date of September 30, 2002 until such date that the property is transferred from the United States to an owner who is not exempt from taxation. The United States shall pay any taxes or tax liens accruing prior to September 30, 2002, and may, at its discretion but not as a requirement of law or of this Court, voluntarily pay, as if the property were not exempt, any taxes or tax liens accruing after September 30, 2002, but prior to the date of this Judgment and Decree for Forfeiture. For any taxes or tax liens paid by the United States, said payments shall be considered part of the costs and expenses associated with the forfeiture and sale of the subject matter real estate and shall be reimbursed from the proceeds of the sale prior to the distribution of any proceeds. This Court retains jurisdiction to determine any and all issues regarding any real estate taxes imposed on the property prior to the date of this instant order, and no tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall take any steps to collect said taxes or enforce said tax liens, except as specifically authorized by an Order

issued by this District Court after prior notice to the United States and a hearing. This Court specifically orders that no such tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall commence state court tax deed proceedings and notices unless specifically authorized by this District Court after prior notice to the United States and a hearing. The United States shall record this instant Order as a means of providing notice of this prohibition and shall mail a copy to the attorney for the taxing authorities.

The United States Marshal may immediately take custody of the subject-matter premises. The United States Marshal shall give any occupant of the premises thirty days after posting the premises with a copy of this Order to remove any personal property from the premises and to vacate said premises. Any personal property remaining on the premises after said thirty days shall be considered abandoned and may be disposed of by the United States Marshal by any means he deems appropriate and without any obligation to pay compensation or damages for same. Any person remaining on the premises after said thirty day period may be forcibly removed from the premises by the United States Marshal. The United States Marshal shall have the discretion to extend this thirty day period if he so desires; the United States shall retain the right to petition this Court to shorten said thirty day period for cause.

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of the plaintiff, United States of America, and against the defendant as described above.

**DATE:  October 27, 2009**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**